UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>JOSHUA WELDON, )<br>)<br>                      DEFENDANT ) | CRIM. NO. 2:18-CR-112-DBH-03 |

**ORDER ON DEFENDANT'S MOTION FOR RELIEF**

The defendant Joshua Weldon's motion for relief seeks return of currency that law enforcement seized.[1] The currency was seized from the residence where Weldon and co-defendant Dru Frechette were living, 2nd Revised Presentence Investigation Report, ¶¶ 7-8. The government maintains that the currency has been properly forfeited and that Weldon failed to assert his rights during the forfeiture process. Weldon argues that the government did not give him proper notice of the forfeiture.

Both the Indictment (ECF No. 26) and the Superseding Indictment (ECF No. 151) charged Weldon, co-defendant Dru Frechette, and two others with a drug conspiracy and sought forfeiture of property including "a sum of money in United States currency, representing the amount of proceeds obtained as a

---

[1] Weldon originally said that "the approximate amount of money that was taken [by law enforcement] was $4753." Def.'s Mot. (ECF No. 500). He now has adopted the government's figure of $4,786. Def.'s Reply (ECF No. 517). He also says that the money was not drug proceeds but an insurance settlement for a car accident and that co-defendant Frechette said it was Weldon's money. Id.

result of the offenses . . . ." Forfeiture Allegation #1. The four defendants charged with conspiracy pleaded guilty, but for reasons it has not explained the government sought forfeiture only against the defendant Dru Frechette. A Preliminary Order of Forfeiture (ECF No. 323) that included weapons, magazines, and "$4,786 in U.S. currency" was entered on the public ECF docket when Frechette pleaded guilty on September 23, 2019.[2] A Final Order of Forfeiture referring to the same weapons, magazines, and currency was entered on the public docket on January 27, 2020 (ECF No. 384), when Frechette was sentenced (ECF No. 385). The defendant Weldon was not sentenced until October 20, 2020 (ECF No. 454). But during all the relevant time period, Weldon was represented by counsel who had notice of the government's filings in both his and Frechette's case. At no time did counsel for Weldon assert third-party rights by Weldon in the currency that was the subject of the Frechette forfeiture orders.

The Criminal Forfeiture Rule provides that "[i]f the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture . . . ." Fed. R. Crim. P. 32.2(b)(6)(A). There is no challenge here to the government's publishing of the notice.[3] Instead, Weldon argues that the government never gave him, a potential claimant, direct notice.

---

[2] Weldon had pleaded guilty on August 6, 2019. (ECF No. 288).
[3] According to the Final Order of Forfeiture, notice was published on the official government forfeiture website from October 10 to November 8, 2019, requiring claimants to assert their interest within 30 days. (ECF No. 384).

The Criminal Forfeiture Rule provides that "[t]he notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure." Fed. R. Crim. P. 32.2(b)(6)(D). That rule in turn states: "Notice may be sent to the potential claimant *or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.*" Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(B) (emphasis added). Weldon's defense counsel fits that description, and the government's notice to that lawyer (and all other lawyers in the underlying criminal case) that it was seeking forfeiture, by posting the preliminary Order on ECF on September 23, 2019, satisfied that notice requirement.[4] It established a period of 30 days, following the final publication of notice, for a claimant to request a hearing on that claimant's alleged interest in the property. Prelim. Order of Forfeiture ¶ 6 (ECF No. 323). Weldon never made a claim to the forfeited currency until his pro se motion was filed on August 25, 2021, long after the time had expired in late 2019. Weldon may have a complaint about his lawyer,[5] but the government could reasonably believe that

---

[4] Weldon's defense counsel received emails (with enclosed document links) upon the ECF filing of the preliminary order of forfeiture as to Dru Frechette (ECF No. 323), the Government's service by publication of the public forfeiture advertisement (ECF No. 374), and the final order of forfeiture as to Dru Frechette (ECF No. 384).

[5] Weldon explains that he "tried to contact [his] court appointed attorney that was assigned to [his] case multiple times regarding this matter" but "he is completely unresponsive." Def.'s Mot. He states that he "was never notified by my attorney of said forfeiture," alleging malpractice and ineffective assistance of counsel because his attorney's failure to notify him hurt him financially. Def.'s Reply. Weldon recounts recorded phone calls with his attorney when he called from jail to ask about the forfeited currency. Id. He says he was told "the prosecutor in your case told me [the property] was forfeited by your co-defendant Frechette." Id. Weldon asked "how it was possible for [Frechette] to forfeit something that isn't his in the first place." Id. His lawyer told him he had "no idea" and that "his appointment to [Weldon] ended with [his] sentence and again during this call he still failed to say that he was ever notified of any forfeiture to [Weldon]." Id.

notice to the lawyer was notice to Weldon. The forfeiture was properly accomplished under the Rules.

The motion is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 13TH DAY OF OCTOBER, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**