UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA     )
                                         )
         v.                     )          No. 2:18-cr-00112-JAW
                                         )
JOSHUA WELDON             )

**ORDER DISMISSING MOTION FOR RELIEF AND MOTION TO APPOINT COUNSEL**

On August 6, 2019, Joshua Weldon pleaded guilty to engaging in a conspiracy to distribute fentanyl and for contempt for disobeying a lawful order of this Court. *Min. Entry* (ECF No. 288); *see also Superseding Indictment* at 1, 5 (ECF No. 151). On October 20, 2020, United States District Judge D. Brock Hornby[1] sentenced Joshua Weldon to 121 months of incarceration for engaging in a conspiracy to distribute fentanyl and to a consecutive 14 months of incarceration for contempt. *J.* (ECF No. 454) (*J.*).

On November 2, 2021, Mr. Weldon filed a motion for the Court to correct what he claims are errors in his Presentence Investigation Report (PSR) that went uncontested by his defense counsel and to obtain court-appointed counsel to represent him in this motion. *Mot. for Relief, Mot. to Appoint Counsel* (ECF No. 521) (*Def.'s Mot.*). Mr. Weldon says that the errors in the PSR have caused the Bureau of Prisons (BOP) to sanction him by restricting his telephone privileges. *Id.* at 1.

On December 23, 2021, the Government responded. *United States' Combined Resp. in Opp'n to Joshua Weldon's Mot. for Relief and Mot. to Appoint Counsel* (EFC

---

[1]      On January 14, 2022, the Clerk's Office randomly reassigned this case to this Judge upon Judge Hornby's retirement.

No. 534).   Among other objections, the Government notes that Mr. Weldon is complaining about the conditions of his confinement and the proper procedural vehicle to bring such a claim is a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  *Id.* at 6.

On this point, the Court agrees with the Government.   From the Court's perspective, there are substantial obstacles to Mr. Weldon's attempt to correct the contents of a PSR that the parties used to form a joint sentencing recommendation to Judge Hornby and that Judge Hornby adopted.  *See Notice* (ECF No. 440) ("[T] parties have resolved all outstanding objections to the Revised Presentence Report. The parties will jointly recommend to the Court a sentence of 121 months on Count 1 and a consecutive sentence of 14 months on Count 9 for a total sentence of 135 months"); *Partial Tr., Tr. of Proceedings*, 8:22-24 (ECF No. 513).  The Court is skeptical that Mr. Weldon can challenge now what he did not challenge then.  *See, e.g., United States v. Wernick*, 673 F. App'x 21, 25 (2d Cir. 2016) ("When, as here, a defendant fails to lodge objections prior to sentencing, 'Rule 32, standing alone, does not give a district court jurisdiction [later] to correct inaccuracies in a [presentence] report'" (alterations in *Wernick*) (quoting *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989)). Nor did Mr. Weldon appeal his conviction or sentence to the Court of Appeals for the First Circuit, which means that he did not challenge the contents of the PSR on appeal.  Docketed on October 20, 2020, the criminal judgment in this case has long been final.  *J.*

But the Court need not reach that issue because the Court sees Mr. Weldon's petition as attacking the conditions of his incarceration. The gravamen of Mr. Weldon's complaint is that the BOP has unfairly restricted his telephone privileges causing him "extreme hardships and burdens." *Def.'s Mot.* at 1. If Mr. Weldon believes that the BOP has unfairly disciplined him, the correct procedural mechanism is for him to exhaust his remedies within the BOP and then, if necessary, to file a habeas corpus petition under 28 U.S.C. § 2241. *See United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("The proper vehicle for attacking the execution of sentence . . . is 28 U.S.C. § 2241" (quoting *United States v. DiRusso*, 535 F.2d 673, 674-76 (1st Cir. 1976)); *see also United States v. Fraser*, 688 F.2d 56, 57-58 (8th Cir. 1982) (concluding that allegations of unfair treatment by the United States Parole Commission due to inaccuracies in a prisoner's record is a "challenge to the execution of the sentence rather than the sentence itself" and that the proper action is for the prisoner to bring a habeas petition in the district where he is confined).

With this conclusion, although it may seem strange to Mr. Weldon, he is in the wrong court. The First Circuit stipulated that "[a] petition under § 2241 must be brought in the district where the prisoner is incarcerated, and must follow exhaustion of all available federal administrative remedies." *Toth v. Spaulding*, No. 19-cv-11611-ADB, 2020 U.S. Dist. LEXIS 145330, at *4 (D. Mass. Aug. 13, 2020) (first citing *Barrett*, 178 F.3d at 50 n.10, then *Sayyah v. Farquharson*, 382 F.3d 20, 24 (1st Cir. 2004)). Thus, to attack the conditions of his confinement, Mr. Weldon must first exhaust his BOP administrative remedies (and there is no evidence he has done so)

and, if unsuccessful there, he must file his petition in the district where he is currently incarcerated, which according to his return address, is the Federal Correctional Complex – Allenwood, which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.  If Mr. Weldon exhausts his administrative remedies and files a habeas corpus petition in the correct court, this Court makes no prediction as to its likely success or failure.  This Court only rules that Mr. Weldon may not proceed in this Court.

The Court DISMISSES without prejudice Joshua Weldon's Motion for Relief and Motion to Appoint Counsel (ECF No. 521).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2022

4